Nelson v. Nelson.

---

RICHARD NELSON, Respondent, v. L. W. NELSON, Appellant.

Kansas City Court of Appeals, December 3, 1906.

1. **SALES: Different Articles: Different Prices: Contract in Solido.** Though one may have separate values on three articles of property yet if he sells all three *in solido* at a less aggregate price he cannot against the vendee's will retake the most valuable of the three and recover the amount of the separate values placed upon the other two.

Nelson v. Nelson.

2. ———: ———: ———: Quantum Meruit: Recoupment. Where upon the sale of three horses for a given sum the vendor retakes the best horse he can only recover the actual value of the other two and the vendee may recoup damages suffered by the retaking of the best horse.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

REVERSED AND REMANDED.

*John F. Imel* and *G. L. Zwick* for appellant.

(1) Instructions founded on testimony of plaintiff and ignoring countervailing facts proved by defendant are erroneous. Brown v. McCormick, 23 Mo. App. 181; Ellis v. Wagner, 24 Mo. App. 407; Hohstadt v. Daggs, 50 Mo. App. 240; Brownlow v. Wollard, 66 Mo. App. 642; Clark v. Hammerle, 27 Mo. 70; Fitzgerald v. Hayward, 50 Mo. 516. (2) In this case defendant claims that plaintiff rescinded his contract when he took away the valuable horse. Where the effect of an action is to rescind a contract, the plaintiff ought to restore what he got by the contract or refund its value. Culbertson v. Young, 86 Mo. App. 277. (3) Instruction numbered 1, given on the court's own motion, placed the burden of proof upon the defendant. This was clearly erroneous as the burden of proof never shifts in the trial of the case. Livery Co. v. McKelvey, 55 Mo. App. 242.

*Chas. F. Keller* for respondent.

No briefs filed for respondent.

ELLISON, J.—This is an action for $50, balance of the purchase price of two horses alleged to have been sold by plaintiff to defendant. The petition charges that one of the horses was priced in such sale at $65 and the other at $40 and that on the sum of these ($105) de-

fendant paid $55 leaving "balance still due to plaintiff upon purchase price of said horses, the sum of fifty dollars." The judgment in the trial court was for the plaintiff.

The verdict for the plaintiff, under the evidence placed before us, can only be accounted for on account of the instructions. Defendant contended at the trial that he bought three horses of plaintiff as one contract and sale at a lump price of $175. That two of the horses were of small value and the third one was the. real incentive to the contract. This, the plaintiff and his only witness practically concede. The plaintiff testified that, "I told him (defendant) I would only sell him the three; I told him that if he would take the three, it would be $175." The witness in plaintiff's behalf stated that of the two poor horses, one was valued at $65 and one at $40 and the good one at $90, making $195, *but that all three were priced and sold at* $175. Plaintiff afterwards took the valuable horse from defendant without his consent.

Though one may state a separate value on three articles of property, yet if he sells all three *in solido* at a less aggregate price, he cannot, against the will of the vendee, retake the most valuable of the three articles and yet recover the amount of the separate value stated of the other two as upon an agreement to pay. that value.

We regard the criticism by defendant's counsel made on the various instructions given in plaintiff's behalf as well made and, under the authorities cited by them in their brief, such instructions should not have been given. From the best we can gather from the short record, stating the evidence in a somewhat disconnected way, the defendant having retained the. two horses, is only liable, in the circumstances here stated, for their actual value, notwithstanding it is less than the sum at which they may have been originally valued by plaintiff. And if defendant was damaged by the retaking of

the valuable horse and by proper plea asks to have such damages allowed him, it is proper that such allowance should be made.

The judgment is reversed and the cause is remanded. All concur.